Judge Mills
delivered the Opinion of the Court.
The court below has given a decree against the appellant for a moiety of a tract of land,'patented to William Fleming, and conveyed by the devisees of said Fleming to the appellant, by a deed of conveyance filed, but not authenticated as. the law requires, and wanting the acknowledgement of the' husband of one of the female devisees..
The appellee asserted his claim in the bill; as derived, from a written contract between him and David Boss; a second writing between said Ross and Thomas Donnally, the former husband and supposed heir of Janet Douglas? a third writing from *268 Fleming* the patentee, in his life ’¡me acknowledging dial Janet Douglas, heiress of James Douglas, and the said David Ross, was entitled to a conveyance of a moiety of the land, so soon as a dispute with Hite, concerning the land was terminated.
It appearing in the exhibits and proofs the husband of the deceased woman is her heir, allegation of complainant that her heirs are unknown, and publication against them as such, will not do.
Ross’ heirs not before the court.
To advertise against one, not made party by the bill, and afterwards insert the name as an amendment will not do.
Deeree for an undivided moiety to be valid on the payment of a sum of money, without providing for the failure of payment, disapproved.
*268 The bill of the complainant and his proceedings in bringing the necessary parties before the court, are so defective, that the merits of the case cannot be dec’ded. He has alleged that the heirs of Janet Douglas arc unknown, and has made them defendants as such, when by the exhibits made part of his bill, and on which he relies, Thomas Donnally. her husband, is her heir, and by his proof. Donnally sold out the residue of tier interest to Ross, and her is no suggestion that Donnally is dead, nor is he mane a party, nor is it alleged that the exhibits or proof in this respect is mistaken, and that he. is not her heir; In. is so necessary a party to this controversy, that he ought to he brought before the court.
He made publication against the defendants, David Ross and Dorothia Bratton, one of the devisees of Fleming. By a bill of reviver, lie suggested the death of boss, declared Ids heirs to be unknown, made them defendants, as such, obtained an older of publication against them, but never had it inserted the requisite time, in any authorized newspaper, so that they cannot be said to he brought before the court at all. And without them, or with out shewing some valid excuse for not having them brought in, he cannot be entitled to a decree.
lie made publication against Dorothia Bratton, while she was not made defendant in his hill, and after the order of publication returned, and proof made of its insertion, he then amended his bill and made her a defendant for the first time, and thus proceeded as if she was properly before the court.
We, therefore, waive deciding whether he is entitled to a decree on the merits, and pass over the absurdity of giving him a decree for an undivided moiety, to be valid upon the contingency of his paying money, and not providing for the event- of his not paying it, and all other injuries, and conclude *269 that the decree cannot be sustained, for the want of proper parties to the controversy.
Hoggin and Denny, for appellant; Crittenden, for appellee.
The decree must, therefore, be reversed costs, and fie cause be remanded, with directions to dismiss his bill, without prejudice to any future suit, for the same cause, unless lie shall in a reasonable time bring the proper parties before the court.